ISABELLE LABBE vs. MAINE CENTRAL RAILROAD COMPANY.

Franklin.    Opinion April 10, 1923.

*A railroad company having maintained at a crossing an "automatic signal of the
silent type" in obedience to an order by the Public Utilities Commission, is
not liable merely by reason of failure to maintain other or different safe-
guards.   A lookout on a shifting train may assume that a driver of
a team or car approaching a crossing will recognize the right
of way of the railroad and stop for the train to pass.*

When the Public Utilities Commission after a hearing have ordered maintained
at a railroad crossing an "automatic signal of the silent type" and such signal
so ordered is maintained and in operation the defendant cannot, under the
circumstances of this case, be held liable merely by reason of failure to main-
tain other or different safeguards.

Until the contrary becomes reasonably apparent a lookout on a shifting train,
backing across a highway, may assume that the driver of a team or car slowly
approaching the crossing will respect the railroads right of way and consult
his own safety by stopping short of the track and waiting for the train to pass.

The last car (the first to reach the crossing in backing) was a low tank car upon
which no lookout was stationed.   Signals from a lookout if any, so stationed
could not ordinarily have been seen by the engineer.   There was a lookout on
the second car from the rear, a box car.   A majority of the court are of opinion
that the defendant was not in this particular wanting in due care.

On exceptions.   An action to recover damages for personal injuries
sustained by plaintiff, a minor, on October 28, 1921, while riding in a
team, by being hit by a shifting train of defendant at a grade crossing
in Livermore Falls.   At the conclusion of the testimony, counsel for
defendant moved for a directed verdict for defendant on the ground
that the plaintiff had failed to prove negligence on the part of the
defendant, and further that plaintiff was guilty of contributory
negligence, which motion was granted, and plaintiff excepted.
Exceptions overruled.

The case is stated in the opinion.

*Carroll & Callahan and Ralph W. Crockett*, for plaintiff.

*Charles B. Carter, of White, Skelton & Carter*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

HANSON, J. did not concur.

DEASY, J. Verdict directed for defendant. Plaintiff excepts. This is the story:—

On October 28th, 1921, the plaintiff, eleven years old, was riding at Livermore Falls in a single-seated wagon drawn by one horse. Her sister Cora, seventeen years old was driving. Cordelia Labbe, mother of the girls was on the driver's left. The plaintiff was sitting on the knees of her mother and sister. The carriage turned in -to Bridge Street and slowly approached the railroad crossing.

At this time the defendant's servants were making up a freight train and had occasion to back a shifting train over the crossing. This was done at a speed of seven or eight miles an hour.

The last car, i. e., the first to reach the crossing in backing, was a tank car. Next was a box car upon which a trainman was stationed.

The plaintiff says that as the carriage approached the crossing she looked to the right, the direction from which the shifting train came and saw no train. She then looked to the left. The team was driven on to the track. The train was stopped but not in time to avoid the collision. The plaintiff's sister was instantly killed. The plaintiff and her mother were injured.

The plaintiff alleges:—

(1) That the crossing was "inadequately protected." Her counsel contends that gates or a flagman should have been maintained. At the time of the accident there was in operation at the crossing an "automatic signal of the silent type." This signal was ordered by the Public Utilities Commission after a hearing.

Having conformed to the order of the Public Utilities Commission the defendant under the circumstances of this case cannot be held liable merely by reason of failure to maintain at this crossing other or different safeguards. *Dyer* v. *R. R. Co.*, 120 Maine, 154.

(2) That the shifting train backed on to the crossing "without giving proper warning." This point is not stressed in the brief of counsel. We assume that warning by bell is intended. The only evidence pro or con on this subject is that of a witness for the plaintiff

who testified that the engine "made the same noise they always do when backing up, ringing a bell I suppose." There is no evidence to sustain the allegation of want of proper warning.

(3) "That the defendant's servants made no reasonable and proper effort to stop said engine and cars for the purpose of avoiding a collision." This allegation is not proved. It fairly appears that as soon as the lookout saw that a collision was imminent he signaled the engineer, who at once applied both brakes. But it was then too late.

There is nothing to show that the trainman on lookout should have earlier foreseen the coming collision. He had a right to presume that a team slowly approaching the track would stop before reaching it and not drive on in the path of the coming train. Until the contrary became apparent he could properly assume that the driver would respect the railroad's right of way, and consult her own safety by stopping short of the track and waiting for the train to pass. *Stull's Admx.* v. *Traction Co.*, (Ky.), 189 S. W., 724; *Garland* v. *Railroad Co.*, 85 Maine, 522.

(4) That the defendant's servants failed to keep a proper lookout in that there was no trainman on the last car. The last car was a low tank car. It is evidently impracticable to station a lookout on such a car. Signals from a lookout so stationed could not ordinarily be seen by the engineer. There was a lookout on the second car from the rear, a box car. A majority of the court are of the opinion that a jury would not have been justified in finding the defendant in this respect wanting in due care.

No negligence having been shown on the part of the defendant, it becomes unnecessary to consider the further contention that the plaintiff was guilty of contributory negligence.

*Exceptions overruled.*